United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2006**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 13, 2006

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-70042

_____

PATRICK BRYAN KNIGHT,

                                Petitioner - Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-00085

_____

Before JOLLY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Patrick Bryan Knight was convicted and sentenced to death for
the 1991 murders of Walter and Mary Ann Werner.  He requests a
certificate of appealability ("COA") to appeal the district court's
denial of federal habeas relief for four claims.  The request is
GRANTED, in part, and DENIED, in part.

I

     To obtain a COA, Knight must make "a substantial showing of
the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(A).

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To make such a showing, he must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In making our decision whether to grant a COA, we conduct a "threshold inquiry", which consists of "an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 327, 336. "While the nature of a capital case is not of itself sufficient to warrant the issuance of a COA, in a death penalty case any doubts as to whether a COA should issue must be resolved in the petitioner's favor." Ramirez v. Dretke, 398 F.3d 691, 694 (5th Cir. 2005) (internal quotations and citations omitted).

II

Based on our limited, threshold inquiry and general assessment of the merits of Knight's claims, we conclude that the following claims present issues that are adequate to deserve encouragement to proceed further:

Claim 1: whether Knight's right to due process was violated by the prosecution's suppression of mitigating evidence on future dangerousness;

Claim 2: whether Knight's trial counsel rendered ineffective assistance at both phases of his trial by failing to adequately investigate and present evidence of Knight's mental condition and other mitigating evidence; and

2

Claim 4: whether Knight's rights were violated when the trial judge granted the State's challenge for cause and excluded a prospective juror.

Accordingly, we GRANT a COA for these claims. If petitioner Knight wishes to file a supplemental brief with respect to the merits of the claims for which a COA has been issued, he may do so within thirty days of the date of this order. The supplemental brief should address only matters that have not already been covered in the brief in support of the COA application. The State may file a response fifteen days thereafter.

III

Knight has failed to demonstrate that jurists of reason could disagree with or find debatable the district court's denial of his request for funds for an expert witness to conduct psychological testing and evaluation. Knight asserts that the $1,250 provided by the state court was insufficient, and that the district court should have provided resources for Dr. Paula Lundberg-Love to complete a psychological evaluation.

The state habeas court found that Dr. Lundberg-Love was not professionally qualified to interpret the results of Knight's psychological test results and was not otherwise credible. That court found that Dr. Lundberg-Love's conclusion that Knight may have experienced anoxia which could have resulted in brain damage to be anecdotal in nature and not supported by any available medical records; that Knight's IQ was in the low-normal range; and

3

that the records before it contained no evidence that Knight had ever exhibited signs of brain damage. The state court also found that the notes of Dr. Price, the psychological expert retained by trial counsel, did not support a conclusion that Knight suffered from organic brain damage or cerebral dysfunction despite Dr. Lundberg-Love's feelings; and that her opinion that Knight suffered from a cognitive disorder was not supported by objective criteria.

Knight presented the same evidence in federal court that he presented in the state court in support of his claim of brain damage. In the light of the state habeas court's findings regarding Dr. Lundberg-Love's qualifications and credibility, and Knight's failure to present any objective evidence that he suffered from brain damage, reasonable jurists would not debate the district court's decision to deny funds for psychological testing and evaluation by Dr. Lundberg-Love. We therefore DENY his request for a COA for this claim.

COA GRANTED in part and DENIED in part.

4